**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DANNY LEE HOOPER,
ADC #107609                                                                                     PLAINTIFF

V.                                    2:12CV00047 BSM/JTR

WENDY KELLEY, Deputy Director
of Health & Correctional Programs, ADC                                            DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

In April of 2009, Plaintiff injured his shoulder during an altercation with a prison guard at the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendant Wendy Kelley, who is the ADC Deputy

Director of Health and Correctional Programs, failed to take proper corrective action when she reviewed his grievance appeals about the allegedly inadequate medical care he received for that injury.[1] *Docs. 2, 7, & 20.*

Defendant Kelley has moved for summary judgment, and Plaintiff has responded.[2] *Docs. 56, 57, 58, 59, 61, and 62.* For the following reasons, the Court recommends that the Motion be granted and this case dismissed, without prejudice.

## II. Discussion

Defendant Kelley argues that she is entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies against her. That argument is well taken.[3]

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be

---

[1] The Court has previously dismissed all other claims and Defendants. *Docs. 8, 18, 21, & 50.*

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[3] In light of that conclusion, the Court cannot reach Defendant's alternative argument that she is entitled to dismissal, *with prejudice*, on the merits of Plaintiff's claim against her. *See Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion) (holding that, once a trial court determines that a prisoner's claims are unexhausted, it is "required to" dismiss the case "without prejudice," and it cannot proceed to the merits and dismiss the case, with prejudice); *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion) (same).

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the

incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies about a medical problem, an ADC prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance with the Health Services Administrator, if the attempt at informal resolution is unsatisfactory; and (3) appeal the denial of that grievance to Defendant Kelley. *Doc. 59, Ex. 5* (ADC Adm. Dir. 09-01 § IV(E) through (G)). The ADC's exhaustion policy requires inmates to "specifically name each individual" involved in the grieved matter, and it advises prisoners that their federal lawsuit may be dismissed if they fail to properly do so. *Id.* (§ IV(C)(4), (E)(2), and (N)). Additionally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.*

Prior to filing this lawsuit, Plaintiff fully exhausted Grievances EA-09-1348, EA-10-1300, and TU-11-243 about the medical care he received for his injured shoulder.[4] *Doc. 59, Exs. 2, 3, & 4.* It is undisputed that Plaintiff did *not* name Defendant Kelley in any of those grievances, as he was required to do by the ADC's

---

[4] Plaintiff also filed Grievances TU-12-188 and TU-12-100 about the medical care he received for his shoulder injuries. *Doc. 20 at 13-19.* However, Plaintiff did not *complete* the final appeals of those two grievances until September of 2012, which was six months *after* he filed this lawsuit in March of 2012. Thus, Grievances TU-12-188 and TU-12-100 are not proper exhaustion as to the claims raised against Defendant in this lawsuit. *See Johnson,* 340 F.3d at 627 (explaining that the exhaustion process must be *completed,* as to each claim, *before* the prisoner files a federal lawsuit).

exhaustion policy. *See Jones,* 549 U.S. at 218 (requiring prisoner to comply with the exhaustion policy of the incarcerating facility); *Woodford*, 548 U.S. at 89–91 (same).

Even though Plaintiff failed to comply with the ADC's exhaustion policy, several recent Eighth Circuit decisions[5] now require the Court to look beyond the initial grievances and determine whether: (1) Plaintiff *properly* raised a corrective inaction claim against Defendant Kelley in his grievance appeals; or (2) ADC officials reached and decided the merits of an *improperly* raised corrective inaction claim against Defendant Kelley.

---

[5] In *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012), the Eighth Circuit held that the PLRA's exhaustion requirement was satisfied when prison officials reached the merits of a prisoner's *untimely* grievance: "[T]he PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."

Since *Hammett*, Eighth Circuit panels have split over whether an Arkansas prisoner's failure to specifically name each defendant in his grievances, as required by the ADC's exhaustion policy, is always fatal to proper exhaustion of administrative remedies. In *Bower v. Kelley,* Case No. 12-1678, 2012 WL 6199266 (8th Cir. Dec. 13, 2012) (unpublished opinion) and *Parks v. Corizon, Inc*., Case No. 12-3516, 511 Fed. Appx. 588 (8th Cir. June 27, 2013) (unpublished opinion) the Court found proper exhaustion as to all the defendants, including those not named in the grievances, because prison administrators reached the merits of the prisoners' claims. In contrast, in *Jones v. Hobbs*, Case No. 12-2002 (8th Cir. Jan. 22, 2013) (unpublished decision), the Court held that the prisoner had not properly exhausted because he failed to specifically name two of the three defendants. Similarly, in *Champion v. Akins*, No. 12-2467, 2013 WL 656797 (8th Cir. Feb. 25, 2013) (unpublished opinion), the Court found partial exhaustion where a prisoner named three defendants in his grievances, but only alleged that one defendant did anything wrong.

These unpublished *per curiam* opinions (which are not binding authority under 8th Cir. R. 32.1A) can be harmonized by focusing on whether – despite the procedural flaw associated with the prisoner's failure to name a defendant in his grievances – prison officials reached and decided the merits of the specific claims asserted against each defendant. To make that determination, the court must look beyond the prisoner's grievances and examine the issues that the prison officials reviewed and decided during the administrative appeal process. This approach is consistent with the *Hammett* opinion and the purposes of the PLRA's exhaustion requirement.

In Grievance TU-11-243 and his subsequent appeal, Plaintiff did not specifically name Defendant Kelley or otherwise allege that she was failing to take proper corrective action when reviewing his medical grievances. *Doc. #59, Ex. 4.* Instead, Plaintiff claimed that *prison medical personnel* were providing him with inadequate medical care his shoulder injuries.[6] Thus, Plaintiff failed to properly exhaust Grievance TU-11-243 for purposes of any claims he is now asserting against Defendant Kelley.

In Grievance EA-10-1300, Plaintiff also alleged that the *prison medical* staff provided him with inadequate medical care. On appeal, Plaintiff alleged that he finally received a referral to a specialist because "Defendant Kelley" ordered prison medical providers to do so. *Doc. 59, Ex. 3.* Importantly, Plaintiff did *not* allege in his appeal that Defendant Kelley did anything wrong. Instead, he claimed that he finally received the requested referral because she took proper corrective action. Thus, Plaintiff failed to properly exhaust Grievance EA-10-1300 for purposes of any claims he is now asserting Defendant Kelley.

---

[6] An inadequate medical care claim is factually and legally distinct from a corrective inaction claim. In an inadequate medical care claim, a prisoner alleges that *medically trained prison* staff was subjectively aware of, but deliberately indifferent to, an objectively serious medical need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In a corrective inaction claim, a prisoner alleges that a prison *supervisor* was subjectively aware that subordinates were committing a constitutional violation but was deliberately indifferent to remedying the situation. *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).

In Grievance EA-09-1348, Plaintiff again complained about the inadequate medical care he was receiving from the *prison medical staff. Doc. 58, Ex. 2*. Plaintiff then filed a two-page appeal reasserting his claims about the inadequate medical care provided by the *prison medical staff. Id.* In doing so, Plaintiff made two comments directed to Defendant Kelley, who was responsible for deciding the appeal:

> How much more pain Ms. Kelley are you going to keep on letting these *professional Medical Doctors* let me go threw [sic]?

> \* \* \*

> Ms. Kelley for the past four years now, as it is document[ed] in my medical jacket about my shoulder, *Health Services* has been delaying me appropriate medical treatment of my condition. . . .

*Doc. 43 at 10* (emphasis added).

While those two comments refer to Defendant Kelley by name, Plaintiff is complaining to her about the medical care he received from the "professional Medical Doctors" and "Health Services." Thus, he is referring to Defendant Kelley only because she is the decision maker, for purposes of his appeal, and not because she is the subject of his appeal. *See Champion v. Akins,* Case No. 12-2467, 2013 WL 656797 (8th Cir. Feb. 25, 2013) (unpublished opinion) (finding improper exhaustion when a prisoner named two Defendants "as readers" of his grievances, without specifically alleging that either of them did anything wrong). Plaintiff's two vague comments directed to Defendant Kelley in his appeal of Grievance EA-09-1348

clearly were not adequate to put ADC officials on notice that he was raising a new, legally distinct corrective inaction claim against Defendant Kelley. *See Jones,* 549 U.S. at 219 (explaining that the purpose of the PLRA exhaustion requirement is to give prison officials the first opportunity to investigate and resolve a claim before it is filed in federal court). Even if Plaintiff had made a specific corrective inaction claim against Defendant Kelley, it would have been improper for him to do so, for the first time, in the appeal of Grievance EA-09-1348.[7] Thus, Plaintiff failed to properly exhaust Grievance EA-09-1348 for purposes of any claims he is now asserting against Defendant Kelley.

Finally, in reviewing all three grievances and appeals, ADC officials did *not* reach and decide the merits of any improperly raised claims against Defendant Kelley. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (holding that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits"). Thus, Plaintiff has failed to satisfy the PLRA's exhaustion

---

[7] The appeal form reminds prisoners to: "Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed." *Doc. 59, Ex. 2 at 2.* Additionally, the ADC exhaustion policy prohibits an official from making the final decision on a grievance about themselves. *Id., Ex. 5* (ADC Admin. Dir. 09-01 § (H)(6)). Thus, to properly grieve a corrective inaction claim against Defendant Kelley, Plaintiff should have: (1) filed a *separate* grievance to the Unit Warden (rather than the Health Services Administrator) that specifically named Defendant Kelley and explained how she failed to properly review, investigate, or respond to his medical grievance appeals; and (2) appealed the Warden's denial of that grievance to the ADC Director's Office, where it would have been resolved by an ADC Deputy Director other than Defendant Kelley. *Id.*

requirement on all of the claims he has raised against Defendant Kelley.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendant Kelley's Motion for Summary Judgment (Doc. 56) be GRANTED, and Plaintiff's claims against her be DISMISSED, WITHOUT PREJUDICE.

2.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 27th day of September, 2013.

                                             /s/ J. Thomas Ray
                                    UNITED STATES MAGISTRATE JUDGE